UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**SHAUN P. DUERR, individually and as next friend of N.D., a minor,**
Plaintiff,
v.
**WISCONSIN OFFICE OF LAWYER REGULATION;**
**FRANCIS SULLIVAN, Deputy Director, in his official and individual capacities;**
**EMMA BABLER, Intake Coordinator, in her official and individual capacities;**
**Defendants.**

Case No.  25-cv-1071-wmc
(To be assigned upon filing)

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES

*(42 U.S.C. § 1983; ADA Title II; § 504 Rehabilitation Act; 42 U.S.C. § 1985(3) (OPTIONAL))*

---

## I. INTRODUCTION

1. This is a civil rights action arising from the **deliberate refusal by a state attorney-discipline agency and its officials to investigate attorney misconduct**, combined with affirmative regulatory practices that **foreseeably triggered retaliation**, resulting in **escalating constitutional violations against Plaintiff and direct, ongoing harm to his minor child, N.D.**
2. Plaintiff repeatedly invoked the Wisconsin Office of Lawyer Regulation ("OLR") to address documented misconduct by a court-appointed Guardian ad Litem during active custody proceedings involving **child safety, trauma, disability rights, and access to medical and educational services**.
3. Rather than investigate, Defendants **closed multiple complaints without inquiry**, misrepresented the procedural posture of those complaints, and **copied closure letters to the accused Guardian ad Litem despite explicit notice that doing so triggered retaliation**. Each closure was followed by **escalating harm**, including deprivation of placement, obstruction of therapy, interference with disability-related services, and worsening educational and behavioral regression affecting N.D.
4. Defendants' conduct was **not discretionary, neutral, or ministerial**. It was **knowing, repeated, and undertaken after notice**, and it operated to **shield misconduct, suppress access to courts, and enable retaliation under color of state law**, to the detriment of both Plaintiff and his child.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983, the Fourteenth Amendment, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act**.
6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the acts and omissions giving rise to these claims occurred within the Western District of Wisconsin.

## III. PARTIES

7. **Plaintiff Shaun P. Duerr** is a resident of Wisconsin and the father of **N.D.**, a minor child. Plaintiff is a **federally protected ADA / § 504 litigant** who engaged in protected advocacy concerning his child's safety, trauma, medical care, and educational access.
8. **N.D.** is a minor child entitled to protection under the **Fourteenth Amendment, the ADA, and § 504 of the Rehabilitation Act**. As a direct and foreseeable result of Defendants' conduct, N.D. has been deprived of **medical and psychological evaluations, trauma-informed therapy, educational supports, and disability-related services**, and has suffered **documented educational and behavioral regression** while being forced to remain in an environment identified as a source of trauma.
9. **Defendant Wisconsin Office of Lawyer Regulation ("OLR")** is a state regulatory agency established under Wisconsin Supreme Court Rules and charged with the intake, investigation, and prosecution of attorney misconduct. OLR acts under color of state law.
10. **Defendant Francis Sullivan** is, and at all relevant times was, Deputy Director of OLR. He exercised supervisory authority over complaint intake, review, disclosure, and closure, and had authority to intervene or direct investigation upon notice of ongoing harm. He is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for damages.
11. **Defendant Emma Babler** is, and at all relevant times was, an Intake Coordinator with OLR, responsible for processing complaints, managing supplemental submissions, effectuating closures, and issuing disclosure correspondence. She is sued in her official capacity for declaratory and injunctive relief and in her individual capacity for damages.

## IV. FACTUAL ALLEGATIONS

12. On or about **June 26, 2025**, Plaintiff filed a formal misconduct complaint with OLR against a court-appointed Guardian ad Litem, alleging serious violations including **obstruction of therapy, misrepresentation of facts to the court, and facilitation of retaliatory conduct directly affecting a minor child (Exhibit 1)**.

13. Plaintiff submitted extensive documentary evidence, including **CPS reports, affidavits, medical documentation, educational records, and video evidence depicting N.D. experiencing fear and trauma**.
14. OLR closed the complaint within days **without conducting interviews, requesting additional information, or undertaking any investigation**, and **copied the closure letter to the accused Guardian ad Litem(Exhibits 2, 3)**.
15. Immediately following OLR's disclosure of the closure, **retaliatory actions escalated**, including further obstruction of therapy, increased restrictions on parental access, and interference with disability-related services and educational monitoring for N.D.
16. Plaintiff documented these effects and **explicitly warned OLR** that its disclosure practices were triggering retaliation and causing harm to his child.
17. On or about **August 6, 2025**, Plaintiff filed a second complaint with OLR presenting additional evidence of **procedural fraud, misrepresentation of medical authority, and retaliation tied to Plaintiff's ADA and § 504 advocacy** on behalf of N.D (Exhibit 4).
18. Plaintiff submitted multiple supplements, including documentation contradicting factual assertions relied upon by the Guardian ad Litem and evidence of continued harm to N.D (Exhibit 5).
19. Despite this, OLR again closed the complaint **without investigation**, copied the closure to the Guardian ad Litem, and **failed to acknowledge Plaintiff's supplemental submissions**. Retaliation again escalated (Exhibits 6, 7).
20. In **September 2025**, Plaintiff filed a third complaint consolidating the full record of misconduct, retaliation, and regulatory failure. On **October 10, 2025**, Plaintiff submitted a Final Addendum (Exhibit 8) explicitly warning OLR that:
    1. Disclosure of closure letters was triggering retaliation;
    2. Harm to a minor child was escalating;
    3. OLR's practices were enabling ongoing constitutional violations.
21. OLR accessed these materials multiple times but later issued correspondence **falsely claiming withdrawal, misrepresenting the record, and again notifying the accused Guardian ad Litem**, while ignoring new complaints and supplemental evidence (Exhibits 9, 10, 11, 12).
22. At no point did Defendants investigate, interview witnesses, acknowledge supplemental evidence, or alter their practices after notice.
23. Defendants' conduct was **knowing, repeated, and causally linked to escalating harm suffered by both Plaintiff and N.D.**, including continued therapy obstruction, denial of evaluations, and educational regression.

**OLR Disclosure Practice**

24. In each instance in which Defendants closed Plaintiff's misconduct complaints, OLR transmitted closure correspondence to Plaintiff that explicitly stated the accused Guardian ad Litem was copied on the communication. These disclosures were not incidental or automated; they were deliberate and repeated across multiple complaints (Exhibits 2, 6, 9).
25. Plaintiff expressly warned Defendants that disclosure of closure decisions to the accused attorney triggered immediate retaliation in the underlying custody proceedings, including obstruction of therapy, suppression of disability-related advocacy, and further deprivation

of parental access. Despite this notice, Defendants continued the same disclosure practice without modification, review, or protective measures.

## V. CLAIMS FOR RELIEF

### COUNT I — 42 U.S.C. § 1983

**Procedural Due Process (Plaintiff and N.D.)**

Defendants deprived Plaintiff and N.D. of procedural due process by arbitrarily closing complaints, misrepresenting their status, and refusing to perform adjudicatory functions after notice of harm, denying any meaningful opportunity to be heard.

### COUNT II — 42 U.S.C. § 1983

**Denial of Access to Courts (Plaintiff and N.D.)**

By suppressing complaints and misrepresenting regulatory outcomes, Defendants foreclosed access to a functioning state forum necessary to address misconduct central to ongoing constitutional violations affecting a child.

### COUNT III — ADA Title II and § 504

**Retaliation**

Plaintiff engaged in protected disability-related advocacy concerning evaluations, therapy, and educational access for N.D. Defendants retaliated by suppressing complaints, refusing to investigate, and knowingly enabling conduct that obstructed N.D.'s services and accommodations.

### COUNT IV — 42 U.S.C. § 1983

**Supervisory Liability (Sullivan)**

Defendant Sullivan had actual notice of retaliation, harm to a minor child, and systemic failure, yet failed to intervene or correct policy, directly enabling ongoing violations.

## COUNT V — 42 U.S.C. § 1983

**Direct Participation (Babler)**

Defendant Babler directly participated in closure and disclosure decisions after notice that such actions triggered retaliation and child harm, constituting deliberate indifference.

## COUNT VI — 42 U.S.C. § 1985(3) (OPTIONAL)

**Conspiracy to Interfere with Civil Rights**

Defendants acted in concert with regulated actors to suppress complaints and shield misconduct, depriving Plaintiff and N.D. of equal protection and access to lawful remedies.

## VI. NO IMMUNITY APPLIES

Defendants' actions were **administrative and enforcement-based**, not adjudicative. Absolute, quasi-judicial, and discretionary immunity do not apply to deliberate refusal to investigate combined with retaliatory disclosure after notice of harm.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Declaratory judgment that Defendants violated Plaintiff's and N.D.'s constitutional and statutory rights;
2. Injunction requiring OLR to reopen and investigate the complaints;
3. Injunction barring retaliatory disclosure practices;
4. Correction or expungement of inaccurate OLR records or closure notations, as appropriate.
5. Compensatory damages;
6. Punitive damages against individual defendants;
7. Costs and fees under 42 U.S.C. § 1988;
8. Any further relief the Court deems just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

---

## IX. SIGNATURE

Respectfully submitted,
Dated: December 31, 2025

Shaun P. Duerr
Pro Se Plaintiff and Next Friend of N.D.
5800 American Blvd W, Apt 216
Bloomington, MN 55437
(630) 308-0462
sduerr85@gmail.com