IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAUN P. DUERR, individually and as
next friend of N.D., a minor,

                Plaintiffs,              OPINION AND ORDER

    v.                                            25-cv-1071-wmc

WISCONSIN OFFICE OF LAWYER REGULATION,
DEPUTY DIRECTOR FRANCIS SULLIVAN and
INTAKE COORDINATOR EMMA BABLER,

                Defendants.

---

This is the second case, out of three, that plaintiff Shaun Duerr filed arising out of a divorce and child custody dispute pending in state court. *In re the marriage of Elizabeth Duerr and Shaun Duerr*, 2020FA71 (Rusk Cty. Cir. Ct.). The court dismissed plaintiff's first case, which he had filed against a Wisconsin judge, a guardian ad litem and his ex-wife, based on abstention principles. *Duerr v. Barna*, 25-cv-957-wmc (W.D. Wis. Jan. 27, 2026) (dkt. #16). In this case, plaintiff is suing the Wisconsin Office of Lawyer Regulation ("OLR"), OLR's Deputy Director, Francis Sullivan, and OLR's intake coordinator, Emma Babler, based on their dismissal of the complaints he filed about the guardian ad litem involved in the state divorce and custody case, Bryce Schoenborn. Plaintiff claims that OLR's dismissal of his complaints violated his and his child's rights under the U.S. Constitution, Americans with Disabilities Act ("ADA), and Rehabilitation Act. He seeks monetary, injunctive and declaratory relief.

Plaintiff has paid the full filing fee for this action, so the complaint does not have to be screened under the *in forma pauperis* statute, 28 U.S.C. § 1915. However, the court has the inherent authority to screen the case on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious'

action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non prisoners alike, regardless of fee status."). Here, the court directed the clerk of court to withhold service until the court has completed review of the complaint.

On review, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, this case too, must be dismissed, because plaintiff's allegations fail to state a federal claim upon which relief may be granted.

Plaintiff's allegations do not state a claim under 42 U.S.C. § 1983 because his allegations do not support any claim for violation of a right protected by the U.S. Constitution or federal laws. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (setting forth elements of a § 1983 claim). Plaintiff contends that OLR's handling of his complaints about guardian ad litem Schoenborn violated his constitutional rights to due process and access to a "functioning state forum," but his allegations support neither claim. To establish a procedural due process violation, a plaintiff must show, at minimum, that he was deprived of liberty or property without receiving notice and an opportunity to be heard prior to the deprivation. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). But given the level of discretion afforded to OLR under Wisconsin law, *see* Wis. SCR 22.02, plaintiff has no federally protected liberty or property interest in OLR's handling of his administrative complaints. *See Beckman v. Samuelson*, No. 24-CV-307-WMC, 2025 WL 977602, at *2 (W.D. Wis. Mar. 21, 2025) (no constitutional entitlement to judicial review following OLR complaint

2

process); *Chapman v. Sellen*, No. 05C0015, 2005 WL 1629897 (E.D. Wis. July 5, 2005) (holding that plaintiff did not have a property interest in OLR review following closure of a grievance); *Fochtman v. Van Hollen*, 2021 WL 5881973, *3 (W.D. Wis. Dec. 13, 2021) (holding that discretion in the review process set out by SCR 22.02 did "not support a conclusion that plaintiff had a federal protected interest in" the handling or review of his OLR complaint).

As for his access to a "functioning state forum," "[t]he rights to speak, associate, and petition do not require government policymakers to listen or respond to individuals' communications on public issues. So, while the government may not interfere with the right to petition, it need not grant the petition, no matter how meritorious it is." *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020) (internal citations and quotations omitted). Here, plaintiff's allegations show that he *was* able to petition the government -- specifically, he filed a grievance with OLR and, when that was dismissed, he was given instructions on how to appeal to OLR's director. These allegations do not show that he was prohibited from petitioning the government. *See Beckman*, No. 24-CV-307-WMC, 2025 WL 977602, at *2 (OLR review process did not violate First Amendment right to petition government).

Plaintiff's allegations also do not state any claim under the ADA or Rehabilitation Act. He says that he is bringing claims under Title II of the ADA, under which qualified individuals with disabilities may not, "by reason of . . . disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. The Rehabilitation Act provides similar protections and scope. But plaintiff's allegations do not suggest that OLR or the individual defendants excluded plaintiff or denied him any benefits because of a disability.

3

Finally, the court notes that, as with plaintiff's previous case arising out of the state court divorce and custody dispute, *Duerr v. Barna*, 25-cv-957-wmc, this case raises federalism and comity concerns because plaintiff is seeking a federal court ruling that would undermine rulings made in state court already. As explained to plaintiff, when a plaintiff seeks to "to receive a favorable federal constitutional ruling that can be used affirmatively or offensively to shape—or perhaps change—the direction and course of the state court proceedings," the federal court must abstain from exercising jurisdiction over the case. *See J.B. v. Woodard*, 997 F.3d 714, 721–23 (7th Cir. 2021).

For all of these reasons, the court will dismiss plaintiff's complaint. Because the court has no basis to infer that plaintiff could amend his complaint to save it from dismissal, the court will not offer him the opportunity to amend. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.") (emphasis original and citation and quotation marks omitted).

ORDER

IT IS ORDERED that plaintiff Shaun Duerr's complaint is DISMISSED on abstention grounds and for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment and close this case.

Entered this 28th day of January, 2026.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge